Kennebunk *v.* Alfred.

Inhabitants of Kennebunk *versus* Inhabitants of Alfred.

Expenses incurred for supplies furnished a pauper under the provisions of act St. 1821, c. 127, providing against the spread of contagious sickness, are a proper charge against, and may be recovered of, the town where the person receiving such supplies has his legal settlement.

Expenses incurred for the protection of the inhabitants of the town from the smallpox, and to prevent the spread of contagious diseases, cannot be recovered of the sick person, but must be borne by the town thereby to be benefitted.

Expenses " for nurses, attendance, and other assistance and necessaries," may be recovered — but not those incurred by virtue of c. 127, for the protection of the inhabitants of the town in which such expenses are incurred.

Assumpsit for supplies furnished one Amos W. Wormwood and wife, and nine children.

It was admitted that Wormwood had his legal settlement in Alfred, that he lived in Kennebunk, and had resided there about one year previous to his receiving any supplies from the plaintiffs — that he was taken sick in Kennebunk with the smallpox a short time after his arrival in a coaster from Boston, where he had been employed as a laborer — that he and his family, to wit, wife and four children, remained sick of the aforesaid disease about six weeks — that after the said Wormwood and family were taken sick, to wit, on the 31st day of December, 1839, the overseers of the poor of Kennebunk notified the overseers of Alfred, that said Wormwood and his family, naming them, were sick with the smallpox, and requesting the overseers of Alfred to " order their removal or otherwise provide for them" — it was likewise admitted, that the overseers of the poor of Alfred, within a few days after the receipt of said letter, returned an answer to the overseers of the poor of Kennebunk, denying the right of Kennebunk, under the circumstances, to charge the expenses of Wormwood and family to the town of Alfred, and referring them to the act relating to the smallpox.   Part of the expenses in the plaintiffs' account were for expenses in moving the house, &c. for the residence of said Wormwood and family, and for the protection of the inhabitants of Kennebunk, and to prevent the spread of the disease.

Upon these facts, the plaintiffs' right to recover was submitted to the consideration of the Court — and if the defendants are liable, the amount of damages is to be determined by an auditor, or by a jury, if the defendants should so wish.

*Bourne,* for the plaintiffs, referred the Court to St. 1821, c. 102, § 11, and c. 127, § 1.

*W. C. Allen,* for the defendants, argued that Wormwood did not fall within the provisions of the law for the support of the poor, c. 102, § 11 — but within those of the act to prevent the spreading of the smallpox, c. 127, § 1. The first cited law, imposes upon the *overseers of the poor* the duty of providing for the comfort and relief of persons found or residing in their towns — and who stand in need of relief, but having a *lawful settlement* in other towns. Ch. 127, § 1, makes it the duty of the *selectmen* to make provisions for the preservation of the inhabitants, by removing persons coming from abroad or *belonging* to said town, visited with the smallpox, &c. In all the provisions of the poor law the pauper is under the care of the overseers of the poor.

By c. 127, the overseers of the poor have no control over the person, but that is confided to the care and control of the selectment — neither in this statute is the phrase *legal settlement* used.

The different phraseology used in these statutes — *legal settlement — belong* and *belonging,* could not have occurred except to carry out a different intention of the legislature.

There are good reasons why the burthens imposed by this statute should be thrown upon the town to which the person belonged — or at which he arrived when coming from abroad. The expense is for the benefit of the town incurring it. The poor law provides that the pauper shall be supported at the expense of the town where he has his legal settlement until he be removed; but here Wormwood, was under the charge of the selectmen of Kennebunk and his removal would have been a violation of law.

If the defendants are liable it is only for the expenses necessarily incurred for the paupers' relief — and not for what

was done for the preservation of the health of the inhabitants of Kennebunk.

The opinion of the Court was delivered by

SHEPLEY J. — The expenses were incurred under the provisions of the first section of the act c. 127, providing against the spread of contagious sickness. The father of the sick family had a legal settlement in Alfred. The counsel for that town contends, that the law does not impose the burthen in such case upon the town where the sick person has a settlement, but upon the town where he has an established residence. That the phrase in the act, "at the charge of the town or place whereto they belonged," shews such to have been the intention; otherwise the term settlement would have been used as in the act providing for the relief of the poor. That these persons are not under the charge of the overseers, and cannot be removed like paupers, but are under the charge of the selectmen, for the preservation of the inhabitants.

It must be conceded, that the primary object of the act appears to have been the protection of the people against contagious sickness. And part of the expense authorised appears to have been designed solely for that purpose, and another part for the healing and comfort of the sick. The latter portion is to be repaid to the town by the sick persons, their parents or masters, if able, and if not, by the towns or places where they belong. If the construction contended for should be adopted, it might impose burthens upon towns for the support of poor persons resident therein, who had legal settlements in other towns within the State, contrary to the general policy and provisions of the law for the relief of the poor. And there would be no law providing for notice to the town to be charged, or for the recovery of the expenses incurred, for the statute provisions respecting these matters have reference only to towns where the pauper has a settlement. It must have been the intention, that the town should be referred to the act for the relief of the poor for these purposes. The word "belong," is not often, if at all, used in the legislation on this subject to

signify a merely established residence. Where he resides, or where he dwells and has his home, is the language usually employed; while in the eleventh section of the general act, the word is used in contra-distinction from that of residence, and communicates the same idea as settlement. The provision is, " that it shall be the duty of said overseers, in their respective towns, to provide for the immediate comfort and relief of all persons residing or found therein, not belonging thereto ;" that is, not having a settlement therein. In the same sense the word appears to have been used in the section under consideration. The town of Alfred must therefore be considered liable for such expenses as are properly chargeable by the plaintiffs to any other town. The agreed statement finds, that part of the expenses were incurred "in moving a house," " and for the protection of said inhabitants of Kennebunk, and to prevent the spread of said disease." These may have been very necessary expenditures. But the statute, while it empowers the selectmen to make provision for the preservation of the inhabitants, and for the removal of the sick into separate houses, does not authorize the town to recover the expenses incurred for these purposes from the sick person or from another town. They are also to provide " nurses, attendance, and other assistance and necessaries for them," which nurses, attendance, and other assistance and necessaries, and not all the expenses incurred for all the objects provided for in the statute, are chargeable to the sick person, or town where he belongs. The plaintiffs may recover all reasonable expenses incurred for these purposes, and no more.